UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PATRICK COKAY MURPHY, #91937-083,

    Petitioner,

v.                                              ACTION NO. 2:19cv683

WARDEN J. ANDREWS,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the *pro se* petition filed pursuant to 28 U.S.C. § 2241 by petitioner Patrick Cokay Murphy ("Murphy"), and respondent's motion to dismiss the petition with prejudice. ECF Nos. 1, 11. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia.

The undersigned **RECOMMENDS** that respondent's motion to dismiss, ECF No. 11, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

### I.    STATEMENT OF THE CASE

Murphy is a federal inmate currently incarcerated at the Federal Correctional Complex in Petersburg, Virginia. ECF No. 1, at 1. Murphy's petition for a writ of habeas corpus under 28 U.S.C. § 2241 alleges a violation of due process when, following a disciplinary hearing held

October 25, 2018, he did not receive the written statement of the disciplinary hearing officer. *Id.* at 2–3, 18, 20.

### A.    Murphy's disciplinary hearing process

On September 21, 2018, Murphy was issued an incident report charging him with violating Bureau of Prisons ("BOP") disciplinary code 113 by possessing narcotics. *Id.* at 2. The incident report states,

> On 09-21-2018 at 1330, I was in the lieutenant's office conducting a visual search of inmate Murphy . . . . While conducting the search, Murphy was directed to spread his buttocks and cough. Upon separating his buttocks, I observed a small blue balloon fall from between Murphy's buttocks. I also observed what appeared to be a small bundle wrapped in clear plastic still lodged in his rectum. At 1345, inmate Murphy was escorted to medical and placed in an exam room. With medical staff present, Murphy removed the clear wrapped bundle from his rectum. Murphy was placed on dry cell without further incident. The blue balloon and clear bundle were taken by SIS technician Holderfield to be tested. The contents of the blue balloon was [sic] a green leafy substance and it was tested with NIK test kit E which tested positive for marijuana. The contents of the clear bundle was [sic] 48 small squares of paper. One of the squares was tested with NIK test kit A which tested positive for amphetamines. A separate square of paper was tested with NIK test kit U which tested positive for amphetamines.

*Id.* at 18.

On October 1, 2018, Murphy appeared before the Unit Discipline Committee ("UDC"), and declined to make a statement regarding the incident. ECF No. 12-1, at 10–11. The same day, Murphy received a notice of disciplinary hearing before the disciplinary hearing officer ("DHO"). *Id.* at 13. Murphy was advised of his rights at the disciplinary hearing. *Id.* at 15. He indicated that he did not wish to have a staff representative at the hearing, and did not wish to call any witnesses. *Id.* at 13.

On October 25, 2018, Murphy appeared before the DHO. *Id.* at 17–19. Murphy waived the right to have a staff representative, waived the right to present witnesses, and admitted guilt.

2

*Id.* at 17 ("Inmate Murphy made this initial statement: 'I am guilty, I made a bad decision.'"). The DHO found Murphy guilty of possessing marijuana and amphetamines, a violation of code 113. *Id.* at 18. His punishment for this violation was a loss of 41 days of good conduct time ("GCT"), 15 days of disciplinary segregation, loss of 180 days of telephone privileges, and loss of 30 days of commissary privileges. *Id.*

On July 26, 2019, Murphy filed an administrative appeal with the BOP's Regional Office, and the appeal was rejected because Murphy did not provide a copy of the DHO report. ECF No. 1, at 2–3, 20, 22. On August 13, 2019, Murphy filed an administrative appeal with the BOP's Central Office, and the appeal was also rejected because Murphy did not provide a copy of the DHO report. *Id.* at 3, 24, 26, 28, 30.

The DHO signed the report on April 3, 2020, after Murphy filed his petition in this case. *See* ECF No. 1; ECF No. 12-1, at 19. Notations on the report indicate the report was delivered to Murphy at 3:20 p.m. on August 10, 2020. ECF No. 12-1, at 5, 19. The DHO report further indicates that, at the time the report was delivered to Murphy, he was "advised of his right to appeal his action within 20 calendar days under the Administrative Remedy Procedure." *Id.* at 18. According to respondent's records, Murphy has not taken the necessary steps to appeal the DHO's findings through the BOP's Administrative Remedy Procedures following receipt of the DHO report. *Id.* at 5–7, 21–23. The BOP inmate locator indicates that Murphy's release date is June 6, 2027.[1]

---

[1] *See Find an inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 16, 2021) (search "Find By Number" for "91937-083").

B.  **Murphy's federal petition and conversion of respondent's motion to dismiss to a motion for summary judgment**

On December 16, 2019, Murphy filed a section 2241 petition for a writ of habeas corpus challenging the failure of the BOP to timely provide him a copy of the DHO report. ECF No. 1. Murphy seeks reinstatement of his GCT, as well as expungement of the incident report. *Id.* at 15.

On September 28, 2020, respondent filed a motion to dismiss the petition pursuant to Rule 12(b)(1) and (6) with a supporting memorandum and a declaration from Jillian Anspach, a DHO secretary at the Federal Correctional Complex in Petersburg, Virginia, with exhibits. ECF Nos. 11, 12, 12-1. The attached exhibits included the DHO report. ECF No. 12-1, at 17–19.

On December 4, 2020, Murphy acknowledged receiving the motion to dismiss, and requested an extension of time to respond due to lockdowns at the prison. ECF No. 15, at 2–4, 7–8. Murphy was granted an extension of time to December 28, 2020, to respond to the motion to dismiss. ECF No. 16. On January 19, 2021, Murphy filed an untimely response to the motion to dismiss, and respondent replied on January 20, 2021. ECF Nos. 17–18.

The Court may only consider Ms. Anspach's declaration and attachments without converting to a motion for summary judgment if the documents are "integral to and explicitly relied on in the complaint." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quotation and citation omitted); *see* Fed. R. Civ. P. 12(d). Courts in this circuit have generally found that documents provided by the respondent that were not attached to the petition, such as a delayed DHO report that was not available when the petition was filed, are outside the pleadings and not appropriately considered on a motion to dismiss. *Robinson v. Andrews*, No. 2:20cv163, 2020 WL 6389842, at * 1 (E.D. Va. Sept. 28, 2020) (collecting cases), *report and recommendation adopted by*, 2020 WL 6386971 (E.D. Va. Oct. 30, 2020). As it is necessary to

4

consider these documents, the Court converted the motion to dismiss to a motion for summary judgment and provided notice to the parties pursuant to Rule 12(d).[2]

On March 26, 2021, Murphy filed an opposition to respondent's converted motion for summary judgment. ECF No. 21.

## II. ANALYSIS

### A. Exhaustion

Generally, federal prisoners must exhaust their administrative remedies prior to filing federal habeas petitions. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004); *see also Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010). Administrative exhaustion "protects 'administrative agency authority,'" ensuring that agencies have an opportunity to correct mistakes and discouraging disregard of agency procedures. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Additionally, because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court," exhaustion promotes judicial efficiency. *Id.*

The exhaustion requirement in section 2241 is judicially imposed, and "even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987) ("[T]here are some

---

[2] Fed. R. Civ. P. 12(d) provides, "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

5

cases in which it is appropriate for an appellate court to address the merits of a habeas corpus petition notwithstanding the lack of complete exhaustion.")).

Moreover, "a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." *Thompson v. Wilson*, No. 2:15cv148, 2015 WL 5682856, at *3 (E.D. Va. Sept. 25, 2015) (quoting *Santiago-Lugo*, 785 F.3d at 475; *see also Bacon v. Lee*, 225 F.3d 470, 477 (4th Cir. 2000) ("Because we ultimately conclude that the assertedly defaulted claims are without merit, we will exercise our prerogative to decide Bacon's claims on the merits rather than on grounds of procedural default.").

Murphy has received the DHO report giving him notice of his right to appeal within 20 days. ECF No. 21-1, at 18–19. According to respondent, Murphy did not submit an appeal during that time period, and has failed to exhaust his administrative remedies. *Id.* at 5–7, 21–23. Murphy asserts that he did exhaust administrative remedies when he filed his appeal prior to receiving his DHO report. ECF No. 21, at 3–4. Due to Murphy's eventual receipt of the DHO report and notice of right to appeal, his due process claim lacks merit, and the Court recommends addressing and dismissing the petition on the merits.

**B.      Due Process**

Prisoners retain rights under, and may claim the protections of, the Due Process Clause in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners have a liberty interest in GCT, and when that time is taken away, a prisoner is entitled to those procedures which are appropriate under the circumstances and required by the Due Process Clause to ensure that the time was not taken away arbitrarily. *Id.* at 557–58. Specifically, the due process rights that prisoners possess when a protected liberty interest is at stake are:   (1) written notice of the

charges against them at least 24 hours before their hearing; (2) the opportunity to call witnesses and present documentary evidence in their defense when doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the evidence relied on and the reasons for the disciplinary action taken. *Id.* at 563–66.

A delay in receiving a written statement of the evidence relied on that does not have a prejudicial effect on the prisoner's administrative appeal, does not provide a basis for habeas relief on due process grounds. *Griffin v. Ebbert*, 640 F. App'x 181, 184 (3d Cir. 2016) (finding no due process violation when an inmate received the DHO's report eighteen months after his hearing "because [the inmate] had not demonstrated that he suffered any prejudice as a result of the eighteen-month delay, [and] he had received the process he was due under *Wolff*"); *Staples v. Chester*, 370 F. App'x 925, 930 (10th Cir. 2010) (finding the approximate eight-month delay in providing petitioner with a copy of the DHO report did not prejudice his ability to bring an administrative appeal); *Shahan v. Ormond*, No. 3:18cv200, 2018 WL 6681210, at *8 (E.D. Va. Dec. 19, 2018) (finding petitioner failed to demonstrate that he suffered any prejudice from over eight-month delay in receiving the DHO report), *aff'd*, 778 F. App'x 217 (4th Cir. 2019); *cf. Consolidation Coal Co. v. Borda*, 171 F.3d 175, 183 (4th Cir. 1999) (explaining that "[i]t is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay," where a 16-year delay by the government to notify an employer of potential liability was held to be a violation of due process because there was prejudice shown).

When a prisoner files a petition for writ of habeas corpus due to the prison's delay in providing a written statement, but the due process violation is subsequently remedied by providing the prisoner with a written statement and allowing him to appeal, then there is no prejudicial effect

7

on the prisoner, and his habeas petition should be dismissed. *Deroo v. Holinka*, 373 F. App'x 617, 617–19 (7th Cir. 2010); *see also Crawley v. Wilson*, No. 2:11cv542, 2012 WL 2505118, at *5 (E.D. Va. May 16, 2012) (holding that, where a prisoner's DHO report was delayed but he was still able to appeal the DHO's decision, there was no due process violation because there was no prejudice resulting from the delay in receiving his report (citing *Consolidation Coal Co.*, 171 F.3d at 183)). This Court in *Shahan v. Ormond*, explained that even if a prisoner successfully challenged a loss of GCT in an appeal, the delay in receiving the DHO report "would not have prevented him from receiving the benefit of a successful appeal" because the revocation of GCT impacts the prisoner's future release date. 2018 WL 6681210, at *8.

Murphy does not dispute that the first two components of due process in *Wolff*—notice of charges and opportunity to present evidence—were satisfied. *See* ECF No. 1. Murphy was given written notice of the charges against him well before his hearing before the DHO, and he was given an opportunity to call witnesses and present evidence. *Id.* at 18; ECF No. 12-1, at 2–3, 13, 15, 17. Murphy challenges only the third due process right addressed in *Wolff*, asserting his due process rights were violated as a result of the BOP's delay in providing him the DHO report. ECF No. 1, at 4–15.

The respondent contends that the grounds for Murphy's petition are moot due to his receipt of the DHO report, and that he has not shown that he was prejudiced by the delay and therefore cannot claim that his due process rights were violated. ECF No. 12, at 7–15. Ms. Anspach explained that, "the delay in completing the DHO report was due to personnel shortages, resulting in a backlog of cases." ECF No. 12-1, at 5. She further states that case manager Kathy Williams "issued" Murphy the DHO report on August 10, 2020, referencing the DHO report that reflects

8

Ms. Williams' name, signature, and date and time the report was delivered to Murphy. *Id.* at 5, 19.

In response to the motion to dismiss, Murphy asserts, "Jillian Anspach in a[] declaration stated 'on August 10, 2020, Case Manager Kathy Williams issued petitioner a copy of the DHO report' .... There is a material question to [sic] facts, because Mr. Murphy swore under penalty of perjury that he never received a copy of his DHO report." ECF No. 17, at 2. Murphy further states that "he cannot exhaust what the Respondent has made unavailable." *Id.* at 4. Although he does not say so directly, Murphy impliedly asserts Ms. Anspach's declaration, and Ms. Williams' representation on the DHO report, are both false and that he did not receive the DHO report on August 10, 2020. Murphy acknowledged receiving the motion to dismiss on December 4, 2020, ECF No. 15, at 2, and references the attachments that included the DHO report in his response, ECF No. 17, at 2, *see also* ECF No. 21, at 8–9 (arguing respondent "believe[s] this Court should ignore the fact that Mr. Murphy never received a copy of the DHO report except via their motion to dismiss"). At a minimum, Murphy received a copy of the DHO report prior to December 4, 2020, when he acknowledged receiving the motion to dismiss with exhibits and requested an extension of time to respond. *See* ECF No. 15, at 2, 7–8.

Although Murphy's right to appeal was delayed due to the respondent's failure to provide him the DHO report for approximately 22 months, providing the report to Murphy and allowing him to appeal the decision remedied the situation. Any successful challenge to his loss of GCT would have been resolved well prior to his 2027 release date. The law does not regard such a delay as a due process violation if the prisoner is not prejudiced, and the delay does not provide a basis for the habeas relief sought. *See Consolidation Coal Co.*, 171 F.3d at 183. Because

9

Murphy has received the DHO report, he has not shown prejudice due to the delay and his habeas petition should be **DISMISSED**.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that respondent's motion to dismiss, ECF No. 11, be **GRANTED**, and Murphy's petition for a writ of habeas corpus, ECF No. 1, be **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v.*

*Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/

Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April / 9, 2021

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Patrick Cokay Murphy, #91937-083
Federal Corrections Complex - Medium
P.O. Box 1000
Petersburg, VA 23804

Fernando Galindo, Clerk

/s/ J. L. Meyers
By_____
Deputy Clerk
April __19__, 2021

11